COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

CENTIN CORPORATION
AND
NATIONAL UNION FIRE INSURANCE
 COMPANY OF PITTSBURGH                    MEMORANDUM OPINION*
                                             PER CURIAM
v.   Record No. 1523-95-2                 DECEMBER 12, 1995

LEE E. MITCHEM


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Ralph L. Whitt, Jr.; Jennifer G. Marwitz; Sands,
            Anderson, Marks & Miller, on briefs), for appellants.

            (David L. Pillsbury; Felicia C. Russell, on brief),
            for appellee.


        Centin Corporation and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that Lee E. Mitchem proved he was

entitled to an award of temporary total disability benefits

commencing January 10, 1994.  Employer contends that Mitchem was,

at all times, partially disabled and he failed to market his

residual capacity.  Pursuant to Rule 5A:21(b), Mitchem raises the

additional question of whether the commission erred in failing to

hold employer responsible for the cost of the medical treatment

rendered by Dr. John Kendrick.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission must be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding disability benefits to Mitchem, the commission accepted the opinion of Dr. Kendrick. On April 15, 1994, Dr. Kendrick opined that Mitchem had been unable to work since January 10, 1994 and would remain disabled for at least another three to six months. On December 15, 1994, Dr. Kendrick opined that Mitchem remained disabled from work. In its role as fact finder, the commission was entitled to accept Dr. Kendrick's opinion, on the basis that he was the only physician who treated Mitchem from October 27, 1993 through February 13, 1995, and to reject the contrary opinion of Dr. Baljit S. Sidhu. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Kendrick's medical records and opinions provide substantial credible evidence to support the commission's findings.[1]

The commission ruled that employer was not responsible for

---

[1] Because of our ruling affirming the commission's finding of total disability, we need not address the marketing issue.

2

the cost of Dr. Kendrick's unauthorized treatment. There is no evidence in the medical records to show that Dr. Sidhu ever abandoned or released Mitchem from his care, that he rendered inadequate treatment to Mitchem, or that he referred Mitchem to Dr. Kendrick. Rather, Dr. Sidhu's October 26, 1993 office notes reveal that Mitchem's attorney wanted Mitchem to seek a second opinion from another doctor. In addition, Mitchem testified that he wanted a second opinion in October 1993 and that his lawyer recommended he see Dr. Kendrick. Accordingly, we cannot find as a matter of law that the commission erred in denying Mitchem recovery of the cost of Dr. Kendrick's unauthorized treatment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>